

**Efrem Schwalb**
eschwalb@koffskyschwalb.com

500 Seventh Avenue, 8th Floor
New York, New York 10018
T: 646.553.1590
F: 646.553.1591
www.koffskyschwalb.com

**VIA ECF**
May 9, 2022

Hon. Barbara Moses
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:   *Poly-America LP v. API Industries, Inc*.
             No. 21-CV-8195 (JSR)(BCM)

Dear Judge Moses,

We represent defendant API Industries, Inc. ("API") in the above action. We write to (a) raise a discovery motion before the court and (b) as per Judge Rakoff's instructions, write to confer concerning a briefing schedule on a partial summary judgment motion API intends to bring.

**Discovery Motion: Request For Sanctions**

API previously moved to compel discovery as to several document requests, among which was Request for Production No. 3, which called for, *inter alia,* production of

> All documents concerning any of the following as they concern or relate to the Orange Drawstring Mark:
>
> . . .
>
> (d) records of sales of product which bears the Orange Drawstring Mark;

The Court ordered production of these documents in its Order of March 28, 2022 (Dkt. 51). To date, Plaintiff Poly-America LP has refused to produce such documents. We request that the Court order them produced, and sanction Poly-America in the amount of fees generated by this application. Poly-America was ordered to produce the documents. If it believes circumstances have changed, it was Poly-America's obligation to seek relief from the Court, which it has not done, forcing API to file this application.

Poly-America's primary contention is that, since the Court's order, it has amended its responses to Requests for Admission to now admit that its claimed Orange Drawstring Mark has not achieved secondary meaning, and hence the discovery is no longer relevant. This contention is without merit.

There remains a live dispute as to two other issues, whether Orange Drawstring Mark is generic, and whether it is functional. Both were reasons for the TTAB to cancel Poly-America's

**KOFFSKY SCHWALB**LLC

Hon. Barbara Moses
May 9, 2022
Page 2

registration, and Poly-America now appeals that determination to this Court. The discovery at issue remains relevant to the issue of genericness of the mark.

The TTAB decision appealed from (Dkt. 1-1 and 1-2) rested its genericness finding on the fact that Poly-America has sold large quantities of its orange-drawstring bags under numerous private labels, and thus the end consumer has seen that product sold under numerous brands. (Dkt. 1-1 at 15-17) "Generally, when a company sells to third parties for re-sale under the third parties' marks rather than under the manufacturers mark, that circumstance cripples any attempt to show that consumers uniquely associate the mark with one source, i.e., the manufacturer." (*Id.* at 17) On reconsideration, the TTAB emphasized that the issue is not whether the mark has achieved secondary meaning, but whether it is "capable" of ever achieving secondary meaning. (Dkt. 1-2 at 5) Poly-America agrees with this formulation. (Dkt. 46 at 2, Poly-America letter to the Court, asserting that "the central issues in this appeal [are] whether the mark is functional and whether the mark is capable of acquiring secondary meaning.")

The history of how Poly-America has marketed its products, both the brands under which it was sold, and the extent of sales under each brand, clearly inform how consumers perceive the mark, and whether, as the TTAB found, given Poly-America's conduct, the mark is even capable of achieving secondary meaning.

*Milwaukee Electric Tool v. Freud America*, 2019 USPQ2d 16 (TTAB 2019) supports this point. There, the issue was whether the color red had become generic for saw blades. The petitioner introduced evidence that several third party manufacturers used the same color for the same product. The respondent argued that this evidence was of "'limited' probative value because Petitioner had not demonstrated 'that the products shown can be actually purchased or the extent of any sales' in the United States." The TTAB held that such a contention, while perhaps relevant at trial, would not preclude summary judgment:

> Even if Petitioner's evidence would not be comprehensive enough at trial, it is more than sufficient to create a genuine dispute of material fact regarding the extent to which competitors use red on saw blades, and whether third-party use is so common that the color red is generic for saw blades. . . . Respondent will have the opportunity to challenge the evidence at trial.

Thus the "extent of sales" might well affect the probative value of the evidence, but on summary judgment, the evidence was sufficiently probative to create a genuine issue of fact.

The discovery produced by Poly-America shows its Orange Drawstring Mark used on at least nine different brands, presumably with whom it contracted for manufacture. There is no way to know the extent of sales of these brands in the United States without the sales data, and that impacts on the contention that the mark has become generic and its ability to achieve secondary meaning.

**KOFFSKY SCHWALB**LLC

Hon. Barbara Moses
May 9, 2022
Page 3

"It is well established that relevance for the purpose of discovery is broader in scope than relevance for the purpose of the trial itself." *Weinberg v. Unum Life Ins. Co. of Am.*, 2018 WL 5801056, at *2 (S.D.N.Y. 2018). The sales records are clearly probative of the issue of genericness. There is no reason for the Court to modify its prior order. To the extent there are issues of confidentiality, API is willing to receive these records on an Attorneys-Eyes Only Basis.

### Briefing of Summary Judgment

API intends to file a motion for summary judgment on one of its counterclaims. In a minute entry dated May 5, 2022, Judge Rakoff directed that he "will refer defendant's proposed partial summary judgment motion to Magistrate Judge Moses for an R&R. The parties should proceed to address the briefing schedule for this motion to Magistrate Judge Moses."

We have conferred with counsel for Plaintiff, and the parties agree that the best course is for API to file its motion for summary judgment by May 20, 2022, and then the parties will tentatively proceed on the schedule provided for in Local Rule 6.1(b), *i.e.*, 14 days for opposition papers, and then seven days for reply. To the extent the parties need extensions, we will endeavor to agree on same and seek the Court's approval by letter.

Respectfully Submitted,

*Efrem Schwalb*

Efrem Schwalb