UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| POLY-AMERICA, L.P., | CIVIL ACTION |
| Plaintiff, | |
| | Case No.: 1:21-cv-08195-JSR-BCM |
| v. | |
| API INDUSTRIES, INC., | |
| Defendant. | |
| API INDUSTRIES, INC., | |
| Counterclaim-Plaintiff, | |
| v. | |
| POLY-AMERICA, L.P., | |
| Counterclaim-Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

KOFFSKY SCHWALB LLC
Efrem Schwalb
Tal S. Benschar
500 Seventh Avenue, 8th Floor
New York, New York 10018
Tel.: 646-553-1590
Fax.: 646-553-1591
*eschwalb@koffskyschwalb.com*
*tbenschar@koffskyschwalb.com*

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

BACKGROUND ......................................................................................................................... 2

    I.    The Trade Dress At Issue ................................................................................................ 2

    II.   The Supplemental Register ............................................................................................. 2

    III.  The TTAB Decision ...................................................................................................... 3

    IV.  API's Counterclaims ...................................................................................................... 4

    V.   Poly-America Admits That Its Mark Lacks Secondary Meaning ................................... 4

ARGUMENT ............................................................................................................................... 5

    I.    The Court Should Enter API's Requested Declaratory Judgment ................................... 5

CONCLUSION ............................................................................................................................ 6

## <u>TABLE OF AUTHORITIES</u>

No table of authorities entries found.

**Statutes**

15 U.S.C. § 1071(b) ................................................................................................................ 3

15 U.S.C. § 1091 ..................................................................................................................... 2

Defendant Counterclaim Plaintiff API Industries, Inc. ("API" or "Aluf Plastics") moves for summary judgment on its counterclaim against Plaintiff Counterclaim Defendant Poly-America L.P. ("Poly-America").

## INTRODUCTION

The parties compete in the manufacture and sale of trash bags.  Orange color is useful for the trash bag drawstrings, because it is bright and visually distinctive, allowing the user to easily see and tie the strings.  For years, Poly-America has sought to monopolize this color through weak claims of trademark rights.  API wishes to manufacture such orange-drawstring trash bags, but does not wish to expose itself to liability for trademark infringement.

"[A] declaratory judgment action should be entertained when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 562 (2d Cir. 1991).  Poly-America has attempted to use claims of trademarks rights to continue its monopoly, while at the same time remaining vague about its actual position to avoid adjudication.  This is precisely the kind of uncertainty that the declaratory judgment remedy was designed to address.

Poly-America now admits that its claimed mark lacks secondary meaning, an absolute requirement for trademark protection.  Thus the Court can enter a declaratory judgment to the effect that Poly-America lacks trademark rights, and API can manufacture, market and sell trashbags with orange drawstrings without infringing upon any rights of Poly-America.

## BACKGROUND

### I.     The Trade Dress At Issue

Central to this case is Poly-America's claimed trademark, or trade dress.  As described in

its federal Supplemental Registration No. 4027254,

> The mark consists of the color orange as used on the drawstring portion of the
> goods. The mark consists of the color orange as applied to the entire surface of the
> drawstrings. The matter shown in broken lines serves to show positioning of the
> mark and is not part of the mark.

> With orange "claimed as a feature of the mark" for Plastic trash bags, in
> International Class 16.



(Benschar Exh. A; Rule 56.1 Statement of Material Facts Nos. 1 and 2)

### II.     The Supplemental Register

Poly-America's registration at issue is on the Supplemental Register.  The Lanham Act

provides that marks which are "capable of distinguishing applicant's goods or services and not

registrable on the principal register" may be registered on the Supplemental Register.  15 U.S.C.

§ 1091.  "The supplemental register contains other product and service designations, some of

which could one day gain eligibility for the principal register. The supplemental register accords

more modest benefits" than the Principal Register.  *United States Pat. & Trademark Off. v.*

*Booking.com B. V.*, 140 S. Ct. 2298, 2302 (2020).  "The supplemental register lists non-mark

designations ... that are only 'capable' of someday becoming a 'mark' upon the acquisition of

secondary meaning. . . . Thus, registration on the supplemental register does not confer the same benefits as does registration on the principal register; in fact, it does nothing to enlarge the substantive rights of the registrant." *Sulzer Mixpac AG v. A&N Trading Co*., 988 F.3d 174, 178 (2d Cir. 2021), *cert. denied*, No. 21-417, 2022 WL 827855 (2022).

### III.    The TTAB Decision

Poly-America's complaint seeks a *de novo* review, under 15 U.S.C. § 1071(b), of a decision by the Trademark Trial and Appeal Board (TTAB) cancelling its supplemental registration.[1]  The TTAB's two decisions are attached as Complaint Exhibits 1 and 2, Dkt. 1-2 and 1-2.  The TTAB found two reasons for cancellation.  First, it found the claimed orange-drawstring mark generic, because "it has been marked under many different marks, and thus "consumers would not perceive the color orange as an indicator of source, they would perceive it as a type of trade dress for the genus trash bag."  (Dkt 1-1 at 17)  On reconsideration, the Board clarified this holding as "the color orange as a drawstring on Applicant's [*i.e.*, Poly-America's] bags is so common within the genus of trash bags that consumers would primarily associate it with the genus rather than as indicating a unique source of goods within the genus and, as such, is incapable of source identifying significance."  (Dkt. 1-2 at 3)

Second, the TTAB found Poly-America's mark to be functional:  "[w]e find that the color orange for trash bag drawstrings serves the utilitarian purpose of making the drawstrings easier to grab due to the high visibility of the orange color.  Although other colors may provide visibility, based on this record orange is one of a few superior designs at least with white and black trash bags."  (Dkt. 1-1 at 26)  The TTAB adhered to this finding on reconsideration.  (Dkt. 1-2 at 7).

---

[1]     This case was originally filed in the Eastern District of Texas, but was transferred here when that Court held it lacked personal jurisdiction over API.  (*See* Dkt. 30, 31)

## IV.     API's Counterclaims

Notwithstanding that its rights in the color orange were very modest even before the TTAB decision, Poly-America has attempted to leverage its supplemental registration to monopolize that color in the trash bag industry.   That is why API brought the cancellation proceeding in the TTAB.   In this action, in addition to seeking to uphold the TTAB decision in its Answer (Dkt. 32) API has brought counterclaims whose purpose is to obtain "a declaratory judgment under the Trademark Act and the common law that Poly-America has no trademark rights in an orange-colored drawstring for trashbags, and that API is accordingly free to manufacture, sell and distribute such trashbags in U.S. Commerce."  (Counterclaims, ¶ 1 Dkt. 32 at 2-3)

API relies on four legal theories as to why it should be permitted to manufacture and sell orange-drawstring trashbags.   The first two are the same reasons as found by the TTAB:  the mark is generic and functional.  (Dkt. 32,  ¶¶ 16-18).  API pleads two additional reasons:  Poly-America's mark lacks secondary meaning, (*Id.* ¶¶ 19-20), and API's intended uses would not create a likelihood of confusion with Poly-America, given the use of house marks on the packaging. (*Id.* ¶¶ 22-25).

## V.     Poly-America Admits That Its Mark Lacks Secondary Meaning

API requested that Poly-America admit that its Orange Drawstring Mark, the mark it registered, has not achieved Secondary Meaning in Commerce.  Although initially Poly-America denied that request, it later supplemented (actually amended) its response to admit this fact. (Rule 56.1 Statement of Material Facts No. 3;  Poly-America Supplemental Response to Request for Admission No. 1, Benschar Decl. Exh. C; API Request for Admission No. 1 and Definitions 7, 8, and 10, Benschar Decl. Exh. B).

4

**ARGUMENT**

**I.      The Court Should Enter API's Requested Declaratory Judgment**

API seeks "a declaratory judgment under the Trademark Act and the common law that Poly-America has no trademark rights in an orange-colored drawstring for trashbags, and that API is accordingly free to manufacture, sell and distribute such trashbags in U.S. Commerce." (Counterclaims, Dkt. 32,  ¶ 1)   Poly-America's belated admission that its Orange Drawstring Mark lacks secondary meaning conclusively proves that API is correct.

"In order for a trademark to be protectable, the mark must be distinctive."  *Christian Louboutin S.A. v. Yves Saint Laurent America Holding, Inc*., 696 F.3d 206, 216 (2d Cir. 2012). A mark can be distinctive in one of two ways.  It may be "inherently distinctive" if "[its] intrinsic nature serves to identify a particular source."  *Id.*  Even a mark that is not inherently distinctive may nonetheless "acquire" distinctiveness by developing "secondary meaning" in the public mind.  *Id.*  A mark has acquired "secondary meaning" when, "in the minds of the public, the primary significance of a product feature . . . is to identify the source of the product rather than the product itself." *Id.*

In *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205 (2000) the Supreme Court held that product designs, as a matter of law, can never be "inherently distinctive" and thus secondary meaning must always be shown:  "a product's design is distinctive, and therefore protectible, only upon a showing of secondary meaning."  *Id.* at 216.

Likewise, a single color may be protectible as a trademark, but again, only upon a showing of secondary meaning.  *Id.* at 211 (*citing Qualitex Co. v. Jacobson Products Co*., 514 U.S. 159, 162-63 (1995)); *Mana Prods., Inc. v. Columbia Cosmetics Mfg., Inc*., 65 F.3d 1063, 1070 (2d Cir.1995).

5

The same requirement to show secondary meaning applies not only under federal trademark law, but also with regards to common law claims of unfair competition. *ITC Ltd. v. Punchgini, Inc.*, 518 F.3d 159, 161 (2d Cir. 2008); *Easy Spirit, LLC v. Skechers U.S.A., Inc.*, 515 F.Supp.3d 47, 70 (S.D.N.Y. 2021)

Thus whether viewed as a product-design mark or a color mark, Poly-America must show secondary meaning in order to have protectible trade dress. Its admission that it has not achieved secondary meaning leads to one conclusion: Poly-America has no protectible rights in its claimed mark. There is therefore nothing for API to infringe. Accordingly, the Court should enter API's requested declaratory judgment.

## CONCLUSION

For the foregoing reasons, API's motion should be granted.

KOFFSKY SCHWALB LLC

Dated: May 20, 2022
New York, New York

By: /s/ Efrem Schwalb
Efrem Schwalb
Tal S. Benschar
500 Seventh Avenue, 8th Floor
New York, New York 10018
Tel.: 646-553-1590
Fax.: 646-553-1591
*eschwalb@koffskyschwalb.com*
*tbenschar@koffskyschwalb.com*